# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**BOBBY EUGENE ARNETT**                                           **PLAINTIFF**

**v.**                       **CIVIL ACTION NO. 4:21-CV-P134-JHM**

**COMMONWEALTH OF KENTUCKY**                        **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Bobby Eugene Arnett filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I.

Plaintiff is a pretrial detainee at the Hopkins County Jail. He sues the Commonwealth of Kentucky ("Commonwealth").

Plaintiff claims that the Commonwealth violated his rights during his state-court criminal proceedings. He specifically alleges that the Commonwealth presented falsified documents and police citations to the state trial court to obtain a "wrongful indictment"; violated his due process rights by not providing him "a motion of discovery or chain of evidence"; and appointed him "conflictual" and "unprofessional" legal counsel.

As relief, Plaintiff seeks damages and injunctive relief in the form of "release from illegal detention."

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

This action must be dismissed because Plaintiff cannot bring suit against the Commonwealth of Kentucky. A state, its agencies, and its officials are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Commonwealth. The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its

departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). Kentucky has not waived its immunity in this action, and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, (1979)).

### IV.

For these reasons, the Court will enter a separate Order dismissing this action.

Date: March 29, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Attorney General, Commonwealth of Kentucky, 700 Capitol Avenue, Suite 118, Frankfort, KY 40601
4414.011